IN THE CIRCUIT COURT OF THE
20th JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

NAVTECH US SURVEYORS USSA
INC., a Florida Corporation, as successor to
NAVTECH US CAPTAIN US SURVEYORS, INC.
a Florida Corporation; NAVTECH US CAPTAIN
US SURVEYORS LLC, a Delaware Corporation;

D/B/A "NAVTECH"

 Plaintiff,
vs.

BOAT/U.S., INC. A/K/A
"Boat America Corporation",
a foreign corporation

 Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NAVTECH US SUREYORS USSA, INC. as successor to NAVTECH US CAPTAIN SURVEYORS, INC., NAVTECH US CAPTAIN US SURVEYORS LLC D/B/A "NAVTECH", is a Florida corporation headquartered, operating in Lee County, and is otherwise *sui juris*, and sues the Defendant(s) and alleges:

### *Jurisdiction and Venue*

1. This is an action for damages, which exceed the $15,000.00 jurisdictional limits of this court exclusive of interest and costs.//
2. At all times material hereto, the Plaintiff, NAVTECH US SURVEYORS USSA D/B/A "NAVTECH" hereinafter "NAVTECH," is a Florida Corporation conducting and operating business in Lee County, Florida.
3. Defendant, BOAT/U.S., INC. A/K/A "Boat America Corporation" hereinafter "BOAT U.S." is a Foreign Corporation which is engaged in the

activities supporting boat owners nationwide, ranging from services such as boat insurance, boat loans, discounts on boat-related services and products, and mediation-related services with manufacturers and dealers. Specifically, BOAT U.S. engages in the business practices of *referring marine survey opportunities* to a preferred list of licensed marine surveyors within Lee County and across the counties of Florida. Further, through brokering and recommending mediation services, Defendant dabbles in the legal industry in addition to the insurance industry.

4. As a foreign corporation with national presence, BOAT U.S. purposefully avails itself to the jurisdiction of Lee County. BOAT US is subject to this Court by holding itself out as conducting business via multiple locations physically located within the county. Further, Defendant conducts business transactions with multiple customers within the jurisdiction. BOAT U.S. provides services from physical locations as "*Tow*Boat U.S." [emphasis supplied] throughout Lee County to provide marine services and products to customers.

5. At all times material hereto, BOAT U.S. was operating within the jurisdiction of Lee County and purposefully availed itself to the laws and jurisdictions of Florida.

6. The Plaintiff has performed all conditions precedent prior to bringing this action.

**BACKGROUND FACTS GIVING RISE TO CAUSE OF ACTION**

7. NAVTECH has provided Marine Education of Marine Surveyors since 1987. Further, Plaintiff is recognized in the community as a reputed source of education and licensure in the Marine Surveyor Education industry. NAVTECH's proprietary course materials have extended education of Marine Surveying to thousands of individuals who have inspected millions of gross tonnage in marine craft over the decades. These surveys conducted by NAVTECH's members have been accepted for the purposes of marine underwriting by known leaders and insurance companies (e.g. Navtech graduates perform surveys for underwriters of Lloyd's of London

and other "major players" of the insurance industry). Further, numerous members perform surveys for companies including but not limited to entities affiliated with GEICO's parent company and other major marine insurers.

8. Further, NAVTECH is recognized under applicable Federal Statute governing marine surveyor education and licensure as codified by United States Coast Guard regulations.
9. NAVTECH maintains subscribing members, many of whom operate their surveying enterprises nationwide (members operating their surveying businesses in Alaska, New York, Texas, to name a few).
10. Members of NAVTECH have conducted surveys in combined amount exceeding one hundred thousand vessels over the decades.

## *COUNT 1: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS*

11. As BOAT U.S. participates in the Marine Insurance Industry, it operates a referral service of over 5,500 licensed marine surveyors. However, within the repository of names through its referral service, Defendant demonstrates clear preference for referring to surveyors who enjoy membership in two voluntary organizations.
12. Through its endorsement of two organizations unaffiliated with any government regulatory body or otherwise in any superior position in the marketplace, DEFENDANT creates confusion in the marketplace by appearing to recommend agencies affiliated with regulatory bodies.
13. Bearing their trade crests and logos on the BOAT U.S. website, specifically the National Association of Marine Surveyors (hereinafter "NAMS") and Society of Accredited Marine Surveyors ("SAMS") purport to maintain implied endorsement as the Marine Surveying Accreditation Agencies of choice. This confuses consumers in the marketplace in the selection of surveyors to conduct seaworthiness inspections for the purposes of Marine Insurance Underwriting.

3

14. In spite of disclaimers to the contrary, the specific resemblance of these crests of SAMS and NAMS on Defendant's referral website bears uncanny resemblance to governmental agencies in violation of trade law.

15. Further, bearing these crests combined with the implicit endorsement of these "preferred" organizations for Marine Surveyor selection is anti-competitive behavior making it impossible for Plaintiff to compete.

16. Further, members of NAVTECH have advised NAVTECH that they have been turned down from referrals and that their surveys have "not been accepted" by insurers in a capricious and arbitrary manner at the behest of BOAT U.S.'s referral services.

17. Accordingly, the confusing representation of the referral service for surveyors in the marketplace, through crests and logos resembling the markings of quasi-government agencies, tortiously interferes with NAVTECH's business relations. (*SEE EXHIBIT 1 ATTACHED HERETO)*

18. Further, multiple members of Plaintiff training organization have been illegally and unlawfully denied opportunities without basis through confusion and tortious interference in the marketplace. *(SEE EXHIBITS 2-4 ATTACHED HERETO)*

## COUNT II: VIOLATION OF FLORIDA UNFAIR DECEPTIVE TRADE PRACTICES

19. NAVTECH incorporates and realleges paragraphs 11-18 as outlined above.

20. NAVTECH is an interested party within the meaning of Fla. Stat. § 501.203(6).

21. BOAT U.S. engaged in trade and commerce within the meaning of Fla. Stat. §501.203(8).

22. While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference the Federal Trade Commission's interpretations of these terms. The FTC has found that a "deceptive act or practice" encompasses

4

"a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

23. Through endorsement of SAMS and NAMS on its website, BOAT U.S. is in violation of FDUPTA through its endorsement on its website and through communications that SAMS and NAMS accreditation enjoys preference in the marketplace. Alternatively, through endorsement of SAMS and NAMS on its website (Exhibit 1), Defendant is in violation of FDUPTA through an attempt to engage in an unfair practice of presupposing that a "preference" or "certification" exists in the marketplace beyond existing regulations under the CFR as administered by the United States Coast Guard and other *actual* government agencies.

### *PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL*

24. NAVTECH demands a trial by jury of all issues so triable.

25. WHEREFORE, Plaintiff prays for judgment against Defendants, recovery of harm perpetuated by BOAT U.S.'s anticompetitive and tortious practices in violation of Florida Statute, damages in the amount of $1.1 million for lost future business from Plaintiff by colluding to accept its members surveys, recovery of court costs, and a trial by jury, and such other equitable relief as the honorable court deems just and proper.

Respectfully submitted,

*ROBERT PHANEUF, ESQ.*
3585 Deer Creek Palladian Circle
Deerfield Beach, Florida
Telephone No. (305) 890-0296

By:___*ROBERT PHANEUF*_____
ROBERT PHANEUF
Florida Bar No. 123360

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by Certified Mail on April 29, 2018 upon Defendant Registered Agent.

Respectfully Submitted,

/S/ *Robert Phaneuf*
ROBERT PHANEUF ESQ.
Florida Bar No. 123360