UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAVTECH US SURVEYORS USSA INC., a Florida
corporation, as successor to Navtech US Captain
US Surveyors, Inc., and NAVTECH US CAPTAIN
US SURVEYORS LLC, a Delaware corporation,

       Plaintiffs,

v.                                                   Case No.:  2:19-cv-184-FtM-99MRM

BOAT/US INC.,

       Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Boat/US Inc.'s Motion to Dismiss the Complaint with Prejudice (Doc. 4) and Memorandum of Law in Support (Doc. 9),[2] and Plaintiffs Navtech US Surveyors USSA Inc. and Navtech US Captain US Surveyors LLC's (collectively "Navtech") response in opposition. (Doc. 19). Navtech also requests oral argument. For

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink stops working or directs the user to some other site does not affect the opinion of the Court.

[2] The Local Rules require a motion to include—in a *single* document not more than twenty-five pages—"a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." Local Rule 3.01(g).  Boat's motion and separate memorandum of law do not follow this rule.  In the spirit of Federal Rule of Civil Procedure 1, however, the Court will consider Boat's filings.  Going forward, the Court will not be so lenient in any party's failure to follow its rules, procedures, and policies.

the below reasons, the Court dismisses the Complaint without prejudice and without oral argument.

## BACKGROUND

These facts are based on the Complaint, which the Court must accept as true at this stage of litigation:

Navtech provides marine survey education and licensing. It also has subscribing members who include marine surveyors. Boat is also in the marine industry. It is an organization for boat owners and offers services like helping its members get boat insurance. Pertinent here, Navtech says that Boat "refer[s] marine survey opportunities to a preferred list of licensed marine surveyors" who belong not to Navtech but to National Association of Marine Surveyors ("NAMS") and Society of Accredited Marine Surveyors ("SAMS"). (Doc. 3 at 2). Because Navtech is unhappy that Boat does not refer its members, it sues Boat for tortious interference with business relations and violating the Florida Unfair Deceptive Trade Practices Act ("FUDTPA"). It seems Navtech wants this Court to tell Boat to include Navtech members on its preferred list of surveyors.

## DISCUSSION

Boat moves to dismiss the Complaint for lack of standing, not stating plausible causes of action, and other pleading deficiencies. It also claims that its First Amendment right to free speech bars this suit. Navtech responds that Boat cannot challenge standing when it argued this Court had subject matter jurisdiction for removal. Navtech continues that the First Amendment argument is an affirmative defense outside the scope of a motion to dismiss and a loser because Navtech is not a government entity. The Court will start with standing.

Standing is a threshold jurisdictional question of whether a court may consider the merits of a dispute. Standing originates from the Constitution's Article III requirement that a federal court's jurisdiction is limited to actual cases and controversies. Standing has three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The plaintiff must prove these elements. *Id.*

The Court cannot evaluate these elements because the Complaint does not say whether Navtech sues Boat on its or its members' behalf. Without this clarification, the Court would be offering an advisory opinion on standing. *See Uberoi v. Labarga*, No. 17-15123, 2019 WL 1748677, at *4 (11th Cir. Apr. 16, 2019) ("The Court should not speculate concerning the existence of standing. Nor should it attempt to piece together an injury sufficient to confer standing to the plaintiff; the plaintiff must demonstrate that she has satisfied this burden."). The Court will allow Navtech to amend the Complaint to establish standing.

On Navtech's argument that Boat cannot challenge standing because it removed this case to federal court: it is a nonstarter. Although standing is a jurisdictional issue, it differs from subject matter jurisdiction needed for removal. Original jurisdiction like diversity or federal question jurisdiction governs removal under 28 U.S.C. § 1441. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). And § 1441 does not require proof of standing. So Boat can remove this case and challenge standing.

The Complaint also has pleading problems. First, it is a shotgun pleading—Count II incorporates all the allegations making up Count I. *See Weiland v. Palm Beach Cnty.*

*Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (stating an impermissible shotgun pleading is when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" (footnote omitted)); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." (citations omitted)).  Mixing the allegations of Counts I and II leaves Boat (and the Court) without adequate notice of the claims against it and the grounds on which each claim rests.  *See Weiland*, 792 F.3d at 1323.  And the problems with this shotgun pleading are compounded by the typographical errors, missing information, and incomplete sentences.

Second, the Complaint does not state plausible claims for tortious interference with business relations and a FUDTPA violation.  Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a pleading for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).[3]  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned the defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).  The pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

---

[3] Because Boat filed the motion to dismiss (Doc. 4) in state court and then removed it, the motion cites only Florida's procedural rules.  The Court, however, applies the Federal Rules of Civil Procedure in considering Boat's motion and memorandum of law.

When deciding a Rule 12(b)(6) motion, a court must accept well-pleaded allegations of a complaint as true, but it is not bound to accept legal conclusions couched as facts.  *Iqbal*, 556 U.S. at 678.  And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the plaintiff is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," the complaint fails to state claim.  *Twombly*, 550 U.S. at 570.  Navtech does not satisfy this pleading standard for either count.

To state a claim for tortious interference (Count I), a plaintiff must allege "(1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff."  *Int'l Sales & Serv., Inc. v. Austral Insulated Prod., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001).  The Complaint does not allege how Navtech and Boat have business relationship, let alone say how Boat knew about some relationship and unjustifiably interfered with it.  Navtech simply alleges a dislike for Boat's referring marine surveyors who are not its members.  For example, it says Boat's "anti-competitive" endorsement "confuses consumers" about surveyors who can "conduct seaworthiness inspections" for marine insurance underwriting.  (Doc. 3 at 3-4).  Then it jumps to the conclusion that Boat must be tortuously interfering with Navtech's business relations because its members are being "turned down from referrals" and insurers are not accepting their surveys.  (Doc. 3 at 4).  These conclusory allegations fail to state a plausible tortious interference claim.

The FUDTPA count fares no better.  To state a FUDTPA violation, a plaintiff must allege "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Sweeney v. Kimberly-Clark Corp.*, No. 8:14-cv-3201-T-17EAJ, 2016 WL 727173, at *4 (M.D. Fla. 2016) (citations omitted).  The Complaint again challenges Boat's endorsement of non-Navtech organizations on its website as unfair trade practices.  It says that Boat's "endorsement of SAMS and NAMS on its website" and statement that "SAMS and NAMS accreditation enjoy preference in the market" are unfair trade practices.  (Doc. 3 at 5). But it is unclear how these are deceptive and unfair practices and what damages it caused Navtech.  *See Eli Research, LLC v. Must Have Info Inc.*, No. 2:13-CV-695-FTM-38CM, 2014 WL 4540110, at *9 (M.D. Fla. Sept. 11, 2014) ("A deceptive practice is one that is likely to mislead consumers.  An unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." (internal quotations and citations omitted)).  Nor does the Complaint say how the deceptive website misleads and causes injury to a reasonably relying consumer.  *Id.*  The Complaint thus fails to state a plausible FUDTPA claim.

Accordingly, it is now

**ORDERED:**

1. Defendant Boat/US Inc.'s Motion to Dismiss the Complaint with Prejudice (Doc. 4) is **GRANTED** to the extent the Court dismisses the Complaint (Doc. 3) **without prejudice**.

2. Plaintiffs Navtech US Surveyors USSA Inc. and Navtech US Captain US Surveyors LLC may file an amended complaint on or before **July 30, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of July 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record