UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAVTECH US SURVEYORS USSA INC.,
NAVTECH US CAPTAIN SURVEYORS,
INC. and NAVTECH CAPTAIN US
SURVEYORS LLC, a Florida corporation,

                                              Case No: 2:19-cv-00184-FtM-99MRM

          Plaintiffs,
v.

BOAT/U.S., INC., A/K/A "Boat America
Corporation", a foreign corporation,

          Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT BOAT/U.S., INC'S DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE AND MOTION FOR ORAL ARGUMENT**

Defendant's Motion to Dismiss opens with a shot across the bow. The Introductory Paragraph alleges that the Amended Complaint was "[i]nartfully drafted…", then quickly sails to the inevitable and anticlimactic admission: that it is in business arrangements with other organizations heavily involved in the Marine Insurance, Underwriting, and Surveying Community. Defendant attempts to refute Plaintiff's allegations by attaching opposition evidence provided by a separate Plaintiff (a surveyor who was essentially blocked from the industry by Boat/U.S. in cooperation with a third party).[1] As Plaintiff has pleaded, Defendant's conduct is anticompetitive and tortious for reasons stated in the Amended Complaint.

---

[1] Undersigned would encourage the Court to review how the *Briggs* case (referenced by Defendant) was ultimately resolved in determining whether it is "impossible" (as Defendant alleges in its motion to dismiss) that Boat/U.S. would engage heavily in the marketplace of marine surveying as part of its Cooperating Agreements with other organizations.

## INTRODUCTION

In perusing the Motion to Dismiss, Defendant would have the court focus on the burgee (a triangular flag)[2] rather than the business aspect of the agreement. The access to discounted boat insurance across the industry is worth billions in new business, and the proverbial burgee is a meaningless ornament that belies the collusive conduct of these operating agreements, but most importantly, the operating agreement at issue in the Amended Complaint.

Included as Exhibit 1 is the announcement that Boat/U.S. "has reached out to SAMS® Board of Directors and have requested that…. Members be listed on their surveyors referral list…" Evidence and evidence like this will continue to reveal itself in the course of the discovery process as Defendant is engaging in the conduct as alleged.

As pleaded in the Amended Complaint, certain surveying organizations enjoy preference in the marketplace in violation of anti-trust statute, and Defendant has engaged in anticompetitive conduct. Much in the same way the Plaintiff Mr. Briggs was essentially ***blacklisted from the surveying industry (as provided in the sworn testimony and affidavits of the case that confidentially resolved favorably)***, Plaintiff has suffered harm as a business entity through the counts as alleged: Count I (Violation of Federal Antitrust Statute), Count II (Intentional Interference with Prospective Business Relations), Count III (Intentional Interference with Existing Business Relations); Count IV (Violation of Florida Unfair and Deceptive Trade Practices).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted tests the sufficiency of a plaintiff's complaint. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Mere "blanket assertions of entitlement to relief" will not do because Rule 8(a)(2) requires the plaintiff to "show[]" that he is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under Rule 12(b)(6), a plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

---

[2] Mot. to Dismiss, Doc. 30, P. 3, ¶1.

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Id.*; *Ironworkers Local Union 68 v. AstraZeneca Pharms., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011). The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id.* at 544, 551, 557, 569 n. 14 (declining to take as true the conclusory allegation "upon information and belief" that a conspiracy occurred without enough facts to make the statement plausible); see also *Mann v. Palmer*, Case No. 13-11349-P, 2013 WL 1435150, *7 (11th Cir. April 9, 2013) (relying on *Twombly* in rejecting allegations based on "information and belief"). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679). Where a plaintiff is unable to state a cause of action and further leave to amend the complaint is futile, claims should be dismissed with prejudice. See *Muhammad v. JPMorgan Chase Bank, NA*, 567 Fed. App'x 851, 853-54 (11th Cir. 2014); Locke v. SunTrust Bank, 484 F.3d 1343 (11th Cir. 2007).

**ARGUMENT**

Plaintiff is a valid corporation licensed by the State of Florida, and only one Florida entity is active. It is very clear exactly who the Plaintiff is, and this is without dispute, as inactive corporations cannot sue.

Defendant essentially admits what has been apparent from the onset of filing suit – in the initial pleadings in state court – and now presently in Federal Court: Defendant Boat/U.S. cooperates with surveying organizations and even requires these organizations to *advocate* for Defendant's insurance services "[the "Agreement"] required that members **be an advocate for Boat/U.S.**" [Emphasis Supplied]. Mot. to Dismiss, Doc. 30, P. 3, ¶1.

3

In applying the *Iqbal-Twombly* standard, the court may note that Mr. Iqbal was a cable installer who was placed in prison in New York, but he lacked the requisite facts to maintain his complaint against Mr. Ashcroft as being Anti-Muslim or advocating a particular position. Mr. Iqbal made it to the Supreme Court without ever having Ashcroft admit that he advocated for anything.

Here, NAVTECH has such proof. In fact, NAVTECH has more: an admission. Here it would be as if Mr. Iqbal had an **admission** that Mr. Ashcraft was *advocating* against Pakistani-Americans. Here, NAVTECH has exceeded the *Iqbal-Twombly* standards by Defendant's own admission that it **cooperates in organizational advocacy**.[3]

As deftly as the prose opens, the conclusion ends with a total and utter lack of suspense in perhaps the most unsurprising revelation: That Defendant is cooperating in the marketplace with other parties, including but not limited to, organizations designed to inspect, or advocate for insurance referrals. At best, Defendant attempts to defend this cooperating agreement as "mischaracterize[ed] by Plaintiffs." Mot. to Dismiss, Doc. 30, P. 2, ¶3.

Defendant would have the Court to believe that the Cooperating Agreements operate in a vacuum, devoid of any interplay between its arrangements, customer contacts, underwriting, surveying, and membership requirements. As such, the complaint is more than plausible, and more than raises a reasonable inference. Iqbal and Twombly had no such stipulations at the outset: that the Defendant acknowledges and attached an exhibit showing that Defendant has been previously sued for these same actions.

It is without dispute that Boat/U.S. has continued interference and advocacy in the education, training, and performance of marine surveyors and marine surveying organizations to the harm of Plaintiff for the reasons alleged in the Amended Complaint.

## MOTION FOR ORAL ARGUMENT PURSUANT TO RULE 3.01(j)

Plaintiff hereby petitions the honorable court for Oral Argument.

---

[3] The exact limitations and pecuniary gains of the undefined "advocacy" under the agreement remain protected by trade secret and must be made subject to court-ordered discovery.

WHEREFORE, Plaintiffs respectfully request entry of an order denying Defendant's Motion to Dismiss and for such other relief as the honorable court deems just and proper.

Dated: August 28, 2019.

/s/ *Robert B. H. Phaneuf, Esq.*

Robert B. H. Phaneuf, Esq.

The Ticktin Law Group

270 SW Natura Ave

Deerfield Beach, Florida

33441

Florida Bar Number 123360

Phone Number (305) 890-0296

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 28, 2019, a true and correct copy of the foregoing was served upon counsels of record.

/s/ *Robert B. H. Phaneuf, Esq.*

Robert B. H. Phaneuf

 

# IMPORTANT   MEMBER   INFORMATION

### Attention All AMS® Members

The SAMS® Nominating Committee is accepting nominations for the upcoming election of officers at the Annual Business Meeting on Saturday, October 17, 2015 in Milwaukee, WI. Any AMS® members interested in running for elective office should apply in writing with accompanying documentation to show the Nominating Committee your qualifications, knowledge and understanding of SAMS® Policies and By-laws. The letters should be addressed to the SAMS® International Office, Attention: Chairman/ Nominating Committee. Nominations can also be made from the floor during the Annual Business Meeting, per SAMS® Policy.

### BOATU.S. Surveyors Referral List

BoatU.S. has reached out to SAMS® Board of Directors and have requested that all of our AMS® members be listed on their surveyors referral list (no charge). The Board felt that this is a really good opportunity for our members and should bring some increased business to all.

If you wish not to be on their list, there will be an "Opt out" option so you won't receive phone calls.

### Donation Appraisals

Did you know that IRS Publication 561 "Determining the Value of Donated Property" specially names Marine Surveyors as qualified appraisers?

**Boats. Except for inexpensive small boats, the valuation of boats should be based on an appraisal by a marine surveyor because the physical condition is so critical to the value."**

Now with that being said, if you are appraising a vessel for donation you had better read the rest of IRS Publication 561 to fully understand what is expected of a qualified appraiser or you may be doing a disservice to your client and running afoul of our Code of Ethics. You can read the entire publication on line at www.irs.gov.

### Loop Holes and Wannabes

SAMS® has invested both time and money over the years to promote "our" brand and legally trademark The Society of Accredited Marine Surveyors®, SAMS® and AMS®. I can assure you any violations of our trademark are vigorously addressed. We attempted to trademark the term "Accredited Marine Surveyor" but unfortunately we were not awarded this trademark because the word "Accredited" is widely used. Thus, there is the proverbial loop-hole that some have discovered and are exploiting. There are non-SAMS® members advertising as "Accredited". Although this is not illegal it is misleading the public since the industry understands that an Accredited Marine Surveyor is a member of SAMS®.  So the question I put to all of you is how do we continue to improve and promote our brand when there is a loop-hole that is blatantly being exploited? My suggestion is that we must be sure to advertise ourselves as not just Accredited but as SAMS® Accredited, or SAMS® Accredited Marine Surveyor, and SAMS® SA or SAMS® Surveyor Associate. Please do not forget the registered trademark symbol where appropriate.

Respectfully Submitted.
Joseph Lobley, SAMS® Accredited Marine Surveyor (and proud of it!)