UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NAVTECH US SURVEYORS USSA
INC. and NAVTECH US CAPTAIN US
SURVEYORS LLC, a Florida
corporation, as successor to Navtech
US Captain US Surveyors, Inc.

      Plaintiffs,

v.                                                                                  Case No.: 2:19-cv-184-FtM-38MRM

BOAT/U.S. INC.,

      Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint With Prejudice (Doc. 30), and Plaintiffs Navtech US Surveyors USSA Inc. and Navtech US Captain US Surveyors LLC's (collectively "Navtech") Response in Opposition (Doc. 33). Navtech also requests oral argument. For the reasons below, the Motion to Dismiss is granted to the extent that Counts I, II, and III of the Amended Complaint (Doc. 29) are dismissed on shotgun pleading grounds with leave to amend Count I, and Count IV is dismissed with leave to amend. The request for oral argument is denied.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

These facts are based on the Amended Complaint (Doc. 29), which the Court must accept as true at this stage of litigation: Navtech provides marine survey education and licensing and has subscribing members who include marine surveyors. Virtually all those in need of marine surveys – and particularly insurance companies such as Defendant – require that the surveyor hold professional "accreditation" with one of the accrediting bodies: Navtech, the Society of Accredited Marine Surveyors (SAMS), or the National Association of Marine Surveyors (NAMS). Navtech is a competitor of SAMS and NAMS. Pertinent here, Navtech says that Defendant refers marine survey opportunities to a preferred list of licensed marine surveyors who belong not to Navtech but to NAMS and SAMS. In fact, Defendant flat out rejects Navtech surveys. Plaintiffs allege that Defendant has entered into an illegal rebate operation with NAMS and SAMS as its preferred organizations for marine surveys and receives improper kickbacks for steering surveyors in their direction.

The Court previously dismissed the initial Complaint (filed in state court prior to removal) without prejudice[2], in part because it was a shotgun pleading that incorporated all previous paragraphs into each count and contained typographical errors, missing information, and incomplete sentences. *See* Doc. 28 at 3-4 (citing *Weiland v. Palm Beach Cnty. Sherriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (stating an impermissible shotgun pleading is when "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" (footnote omitted); *Vibe Micro, Inc. v. Shabanets*,

---
[2] The initial Complaint contained only two counts – tortious interference with business relations and violation of the Florida Deceptive and Unfair Trade Practices Act.

878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." (citations omitted)). The Court also assessed the merits and found that the Complaint did not state plausible claims for tortious interference with business relations due to conclusory allegations, and for a FDUTPA violation due to the failure to identify any deceptive and unfair practices that caused damages. (Doc. 28 at 4-5). The Court allowed Plaintiffs leave to amend to address these deficiencies.

Plaintiffs filed an Amended Complaint (Doc. 29) on July 29, 2019, asserting four causes of action against Boat/U.S., all based on an alleged agreement between Boat/U.S. and SAMS/NAMS. (Doc. 29).

> **Count I**: Violation of Federal Antitrust Statute, 15 U.S.C. § 1 through [ ] Violation of Florida Statute § 626.730 (Insurance Regulation 4-40)
>
> **Count II**: Intentional Interference with Prospective Business Relations
>
> **Count III**: Intentional Interference with Existing Business Relations
>
> **Count IV**: Violation of Florida's Unfair and Deceptive Trade Practices

### DISCUSSION

**A. Shotgun Pleading**

    **1. Counts II, III**

Plaintiffs' Amended Complaint remains a shotgun pleading as to Counts II and III, which incorporate all previous paragraphs before them (Doc. 29 at ¶¶ 66, 85), and Defendant moves to dismiss with prejudice on this basis alone (Doc. 30 at 20-21). *See Jackson v. Bank of America*, 898 F.3d 1348, 1357 (11th Cir. 2018) (stating that district court retain the authority to dismiss a shotgun pleading on that basis alone); *Weiland*, 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its

docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").

Here, Plaintiffs were on notice of the shotgun incorporation problem and afforded the opportunity to remedy such deficiencies but chose to stand on their faulty pleading. Notably, Plaintiffs did not respond to the shotgun pleading argument in the Response in Opposition (Doc. 33). "What matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them. If that chance is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." *Jackson*, 898 F.3d at 1358. After being put on notice of the shotgun pleading defects in their initial Complaint, Plaintiffs filed an Amended Complaint that contained the same defects as to Counts II and III (the tortious interference claims); therefore, in accordance with Eleventh Circuit precedent that has repeatedly and soundly condemned shotgun pleadings, Counts II and III will be dismissed with prejudice on this basis alone.

   2.  **Count I**

The newly pled Count I also has a shotgun problem, but for a different reason. Count I asserts both a claim for violation of the "Federal Antitrust Statute, 15 U.S.C. § 1 through [ ]", and a claim for "Violation of Florida Statute §626.730 (Insurance Regulation 4-40)." Defendant argues that it is unclear whether Plaintiffs are claiming that a violation of Section 626.730 constitutes a violation of the Sherman Act, or vice versa, or whether two separate claims have been improperly commingled into one count.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

4

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Complaints that violate either of these rules (or both) is a shotgun pleading. And in this case, Count I does not sperate each cause of action or claim for relief into a different count. See *Weiland*, 792 F.3d at 1322-23. Again, Plaintiffs did not respond to the shotgun pleading argument in its Response to the Motion to Dismiss (Doc. 33).

Because Count I was not previously asserted in the initial Complaint and Plaintiffs were not on notice of any shotgun problem as to this Count, the Court will allow Plaintiffs the opportunity to amend Count I. **However, if Count I remains a shotgun pleading after amendment, the Court will dismiss it on this basis alone**.

### B. FDUTPA (Count IV)

That leaves us with the FDUTPA claim, which the Court will consider on the merits. Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a pleading for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). The pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, a court must accept well-pleaded allegations of a complaint as true, but it is not bound to accept legal conclusions couched as facts. *Iqbal*, 556 U.S. at 678. And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," the complaint fails to state claim. *Twombly*, 550 U.S. at 570.

The Florida Legislature enacted FDUTPA "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). To state a FUDTPA violation, a plaintiff must allege "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Sweeney v. Kimberly-Clark Corp.*, No. 8:14-cv-3201-T-17EAJ, 2016 WL 727173, at *4 (M.D. Fla. 2016) (citations omitted). Count IV of the Amended Complaint alleges the following:

- By incentivizing dual membership opportunities, Plaintiff's injury flowed from that which makes the defendant's acts unlawful. (see violation of statute concerning insurance membership kickbacks by admission of SAMS).

- Violation of Florida Statute in furtherance of business gains, is per se, a deceptive business practice.

- Here, Boat/U.S. entered into a contract with SAMS to offer cheaper membership rebates in violation of the Florida 4-40 insurance license requirements and Florida Statute.

- Defendant's decision to enter into an agreement with SAMS (a competitor of Plaintiff) in violation of insurance regulation proximately and actually caused harm to Plaintiff by giving its competitors an unfair advantage with 'pre-approval' on surveys conducted by competitors for the purposes of issuing insurance policies.

([Doc. 29](#) at ¶¶ 106-09).

Although not entirely clear – since Plaintiffs do not specifically identify what Florida statute they are referring to in Count IV – the allegations all stem from Defendant's violations of Florida's insurance license requirements and regulations. However, FDUTPA does not apply to "any person or activity regulated under the laws administered by the former department of Insurance which are now administered by the Department of Financial Services." [Fla. Stat. § 501.212(4)(d)](#). Because such claims are excluded under FDUTPA, Count IV will be dismissed without prejudice and Plaintiffs will be provided the opportunity to amend.

One final point bears mentioning. The deadline to amend pleading and add parties in this case expired on July 9, 2019. ([Doc. 23](#)). The leave to amend that the Court has provided in this Opinion and Order only extends to Counts I and IV. This is not an invitation for Plaintiffs to plead additional causes of action outside Counts I and IV, which would require that Plaintiffs file a motion for leave to amend.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss Plaintiffs' Amended Complaint With Prejudice ([Doc. 30](#)) is **GRANTED IN PART** to the extent it seeks dismissal of Counts I, II, and III on shotgun pleading grounds. Counts I and IV are dismissed without prejudice with leave to amend. Count II and III are dismissed with prejudice.

(2) Plaintiffs may file a Second Amended Complaint to amend Counts I and IV by **September 25, 2019**. **If no Second Amended Complaint is filed this case will be closed without further notice**.

7

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of September 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record